**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GERRI FIKE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-729** |
| **LAMONT MORROW ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 7). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Gerri Fike filed this action in the Civil District Court for the Parish of Orleans for injuries she sustained in an automobile accident on June 9, 2024. Defendant Empire and Marine Insurance Company ("Empire") was added to the state court action by amended petition and served on January 8, 2026. Empire removed the action to this Court on April 8, 2026 on the basis of

diversity jurisdiction. Plaintiff now moves for remand to state court, arguing that Defendant's removal was untimely. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Defendant removed this matter to this Court based on diversity jurisdiction. Plaintiff does not contest that jurisdiction is present; rather, she has moved to remand this action to state court, arguing that removal was untimely. "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant."[4] "[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order, or other paper from which the

[1] 28 U.S.C. § 1441.

[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[3] *Manguno*, 276 F.3d at 723.

[4] Decatur Hospital Authority v. Aetna Health, Inc., 854 F.3d 292, 297 (5th Cir. 2017) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992)).

defendant can ascertain the case is removable."[5] The untimeliness of a removal petition is grounds for remand pursuant to § 1447(c).[6] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[7]

Plaintiff argues that Defendant was aware that the value of her claim exceeded the jurisdictional amount when it was served with the petition on January 8, 2026, making the removal on April 8, 2026 untimely. Defendant argues that it was not aware that the amount in controversy exceeded $75,000 until it received confirmation of such in an email from Plaintiff's counsel on April 2, 2026. Accordingly, the Court must consider whether the initial petition triggered the thirty-day period for removal. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit held that the thirty-day removal period is triggered only where the initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[8] "Ultimately, *Chapman* lays out a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount."[9]

Plaintiff's petition does not state an amount in controversy but alleges that Plaintiff sustained "cervical and lumbar spine sprain[s] and full disability"

---

[5] *Id.*

[6] BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012) (citations omitted).

[7] *Manguno*, 276 F.3d at 723; Camellia Grill Holdings, Inc. v. Grill Holdings, LLC, No. 15-3795, 2015 WL 5775003, at *1 (E.D. La. Sept. 30, 2015).

[8] Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013).

[9] *Mumfrey*, 719 F.3d at 399.

and that she seeks several categories of damages including medical expenses, pain and suffering, and lost wages. Pursuant to *Chapman*, these allegations are insufficient to start the running of the removal clock where they do not "affirmatively reveal" that the amount in controversy exceeds the jurisdictional amount. Further, courts have routinely held that "such conclusory allegations, without more, do not establish the threshold amount in controversy."[10] Accordingly, service of the initial petition on Defendant did not trigger the removal clock. Plaintiff does not present any other arguments that removal was untimely or otherwise improper.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 14th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[10] Maurice v. Winn Dixie Montgomery, LLC, No. CV 24-2225, 2024 WL 4764449, at *3 (E.D. La. Nov. 13, 2024).